IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01666-TPO

JOHAN SEBASTIAN FIGUEROA-PEREZ,

     Petitioner,

v.

GEORGE VALDEZ, Acting Denver Field Office Director,
U.S. Immigration and Customs Enforcement,[1]

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD BLANCHE, Acting U.S. Attorney General,

Warden of the Denver Contract Detention Facility,
Aurora ICE Processing Center,

in their official capacities,

*et al*.,

     Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

     This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties consented to this Court's jurisdiction [ECF 10], and Chief Judge Daniel D. Domenico referred the matter to this Court "for final disposition" and to "conduct any and all further proceedings and order the entry of judgment" [ECF 12]. This Court issued an Order to Show Cause [ECF 4] to which Respondents responded [ECF 11]. Petitioner did not reply. The

---

[1]    Pursuant to Fed. R. Civ. P. 25(d), this Court updates the case caption with the names of those Respondents who are the current office holders.

briefing also includes the Parties' Supplemental Briefs [ECF 14 & 15] which this Court requested [ECF 13]. The Petition is now ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition and the briefing and having reviewed the relevant case law, the Court **grants** Count II of the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of Colombia. ECF 1 ¶ 11. Petitioner entered the United States on July 13, 2022 at which time immigration authorities apprehended him. *Id*. ¶ 11; ECF 1-2 at 6, 58. At the time of his entry, U.S. Customs and Border Protection determined that Petitioner was inadmissible and commenced expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). ECF 14-1 ¶ 7; *see also* ECF 1-2 at 129.

While in immigration custody, Petitioner sought asylum protection, and ICE referred him to U.S. Citizenship and Immigration Services (USCIS) for an interview with an asylum officer pursuant to 8 U.S.C. § 1225(b)(1)(A)(ii). ECF 14-1 ¶ 9. The Department of Homeland Security (DHS) subsequently issued the notice after an asylum officer found Petitioner to have demonstrated a credible fear of persecution or torture. ECF 1-2 at 3.

On October 12, 2022, ICE issued an Interim Notice Authorizing Parole for one year. ECF 1-2 at 22; ECF 14-1 ¶ 11. On October 18, 2022, Petitioner was released from immigration custody on parole. ECF 14-1 ¶ 11.

On December 13, 2023, Petitioner formally applied for asylum and the withholding of removal by filing Form I-589. ECF 1-2 at 103; ECF 14-1 ¶ 12.

Petitioner states that immigration authorities arrested him on December 6, 2025,[2] at which time "DHS placed him in removal proceedings pursuant to 8 U.S.C. § 1229a" and "charged [him] as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection." ECF 1 ¶ 23. *See also* ECF 15 at 2-3. Petitioner contends that his detention is unlawful. He asserts that his situation qualifies him as a member of the class that *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) certified and that Respondents have detained him in violation of the judgment rendered in that case. ECF 1 ¶¶ 18-27. That is the basis of Count I.[3] At Count II, Petitioner claims that Respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A) when he should be given a bond hearing under 8 U.S.C. § 1226(a).

## **JURISDICTION AND LEGAL STANDARD**

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to Petitioner's immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

---

[2]    Respondents claim that Petitioner was arrested on November 8, 2025, near Orlando, Florida. ECF 14-1 ¶ 13.

[3]    Because this Court is granting the Petition and ordering a bond determination hearing pursuant to § 1226(a), this Court declines to address Count I.

3

## ANALYSIS

### I.    Basis of Petitioner's Current Detention

#### A.    Parole

On October 12, 2022, pursuant to 8 U.S.C. § 1182(d)(5)(A), ICE released Petitioner from immigration custody on parole. ECF 1-2 at 22; ECF 14-1 ¶ 11. His release on parole under § 1182(d)(5) reflects that, at that time, the government did not consider Petitioner to be a danger to the community or a flight risk. *Soza-Romero v. Warden*, No. 26-cv-02306-CNS, 2026 WL 1694083, at *4 (D. Colo. June 11, 2026) (citation omitted).

Respondents contend that they released Petitioner on parole, subject to § 1225(b), and that he remains subject to § 1225 even after the parole's termination. ECF 14 at 2. Respondents argue that the language of 8 U.S.C. § 1182(d)(5)(A) supports their position. They cite the language that upon parole's termination, the noncitizen "shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Respondents' position has some support. *Fuenmayor v. Mullin*, No. 26-cv-00622-MIS-LF, 2026 WL 963297 (D.N.M. Apr. 9, 2026) (finding that a parolee is subject to § 1225 after lawful parole termination).

However, the larger body of case law supports the proposition that the lawful expiration of an individual's parole term does not require the individual to be detained under § 1225. *See Rafibaev v. Noem*, No. 26-cv-00461-PAB, 2026 WL 607559, at *4 (D. Colo. Mar. 4, 2026) (citing *Qasemi v. Francis*, No. 25-cv-10029 (LJL), 2025 WL 3654098, at *11 (collecting cases)); *Partida-Diaz v. Blanche*, No. 26-cv-01909-STV, 2026 WL 1661372 (D. Colo. June 9, 2026); *Pulido v. Baltazar*, No. 26-cv-01818-CNS, 2026 WL 1425034 (D. Colo. May 21, 2026). This Court finds

the *Rafibaev* line of cases in this District to be more persuasive and rejects the Respondents' argument that the mere fact of Petitioner's prior parole status to mean that only § 1225(b) can apply to his present detention.

### B.      No Final Removal Order

Essential to this Court's analysis is the Respondents' failure to assert that they are seeking to detain Petitioner pursuant to a final removal order. This Court specifically referenced what the Court believed to be an Order of Removal from Petitioner's supporting documents, ECF 1-2 at 129-30, and requested additional briefing from the Parties, *see* ECF 13. However, Deportation Officer Ketels stated that Petitioner instead was detained "pending resolution of removal proceedings," ECF 14-1 ¶ 13, and conceded that as of the date of Deportation Officer Ketels' Declaration on June 22, 2026, there was no final removal order in place, ECF 14-1 ¶ 18. Consistent therewith, Respondents do not contend that 8 U.S.C. § 1231(a) applies to Petitioner's present detention. Rather, they contend that 8 U.S.C. § 1225(b) should apply.

### II.      Whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 Governs Petitioner's Detention

In Count II, Petitioner claims that Respondents are incorrectly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) when 8 U.S.C. § 1226(a) governs his situation. Based on the Tenth Circuit's decision in *Quiroz v. Mullin*, -- F. 4th --, 2026 WL 1876709 (10th Cir. June 30, 2026), the Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is now foreclosed. This Court finds, consistent with *Quiroz*, the Petitioner's detention is governed by 8 U.S.C § 1226(a) and he is entitled to a bond redetermination hearing.

## CONCLUSION

The Respondents shall conduct the appropriate bond hearing within the timeframe set out in this Order. *Quiroz*, 2026 WL 1876709, at *17 n.13 (ordering the government to provide a bond hearing or else release him). *See also Martinez Escobar*, 2026 WL 503313 at *4. The Court declines to order Petitioner's immediate release because release under 8 U.S.C. § 1226(a) is discretionary, and because the immigration judge is in a better position to decide between detention or release in the immigration context. *Id.* (finding that an immigration judge is better suited to determine the issue of detention). However, this Court will require the government to bear the burden to justify Petitioner's continued detention and to do so by clear and convincing evidence of dangerousness or flight risk. *Martinez Escobar*, 2026 WL 503313 at *4. *See also Partida-Diaz*, 2026 WL 1661372 at *1.

Should Respondents not provide Petitioner a bond hearing by the below deadline, then Respondents shall release him. *See Quiroz*, 2026 WL 1876709, at *17 n.13.

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count II;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) by **July 20, 2026** or release him;

3) On or before **July 24, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied; and

4) All other claims that Petitioner raises in his Petition are denied as moot.

SO ORDERED.

6

DATED at Denver, Colorado, this 15th day of July, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge